## GREENBLAT v. WENDER et al.
### No. 7762.

United States Court of Appeals for the District of Columbia.

Decided Dec. 15, 1941.

Mr. Joseph J. Malloy, of Washington, D. C., with whom Ivan Heideman, of Washington, D. C., was on the brief, for appellant.

Mr. Harry S. Wender, of Washington, D. C., with whom Leonard A. Block and Jacob C. Levy, both of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

L. Harris and Company was a partnership composed of Louis Harris Ulanow and Harry S. Wender on a 50-50 basis. Wolf B. Wender, father of Harry, was a creditor of the partnership. Abraham Greenblat and Louis Harris Ulanow purchased the Wenders' interests in a written contract dated February 17, 1938.

Abraham Greenblat, plaintiff in the District Court, appellant here, seeks rescission, reimbursement, an accounting, the appointment of a receiver, and other relief. The gravamen of plaintiff's bill is fraud. He named the Wenders, their wives as trustees, and Ulanow defendants; they are appellees here. Wolf B. Wender counterclaims seeking a judgment for the balance of the consideration in the agreement of purchase, represented by a note of which he is now the sole holder. Harry S. Wender counterclaims seeking judicial recognition of the plaintiff's liability on two other outstanding notes. The District Court, after hearing, entered a decree recognizing the merit of the counterclaims, and dismissing the plaintiff's bill.

A careful study of the statement of evidence reveals not only the absence of error that would justify reversal under equity standards, but also the manifest correctness of the District Court's decree. The defendants did not defraud the plaintiff. Plaintiff's own nephew, an employee of the partnership, may have misled him. But this employee was not instructed to act as he did; his acts were not ratified; nor was there any factual basis for assuming apparent authority on his part to negotiate concerning the purchase and sale of a partnership interest, a matter ordinarily clearly outside of the scope of employment.

Plaintiff had been engaged in business for some 18 years, and moreover was far from a stranger to the affairs of the partnership. Over a period shortly before his entry into the partnership, he had cashed more than 93 checks (ranging up to $400) of L. Harris and Company when brought to him by his nephew. He had frequently visited his nephew at the partnership's principal place of business. In one transaction he loaned the partnership through Ulanow $1000 for business purposes, taking in return a note for $1560 and a chattel deed of trust on the partnership's assets, all unknown to Harry S. Wender. Later, but before the agreement of purchase was executed, plaintiff opened a joint account with Ulanow in the name of the partnership, likewise unknown to Harry S. Wender. All in all any misrepresentations of the nephew to his uncle are not chargeable to the defendants to show fraud. If anything, the nephew after interesting his uncle in the purchase, acted as his agent or consultant. There is a serious question in regard to what degree the plaintiff was misled, if at all. Plaintiff's bill was properly dismissed. The decree recognizing the counterclaims was proper.

Affirmed.